IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v. 26-CR-6077-FPG

DILBAR GUL DILBAR
a/k/a DILBAR GUL TAJ ALI KHAN,

Defendant.

UNITED STATES DISTRICT COURT
FILED
SEP 30 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

# PLEA AGREEMENT

The defendant, DILBAR GUL DILBAR a/k/a DILBAR GUL TAJ ALI KHAN, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 1546(a) (Visa Fraud), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for

time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a. First, that defendant made a false statement;

b. Second, that the statement was made in a document required by the immigration laws or regulations;

c. Third, that the statement was made under oath or under penalty of perjury;

d. Fourth, that the statement was false as to a material fact; and

e. Fifth, that the defendant either knew the statement was false when made or was aware of a high probability that the statement was false when made and acted with deliberate disregard of the facts.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a. An Afghan Special Immigrant Visa ("Afghan SIV") offers admission to the United States to Afghan nationals who supported the United States Armed Forces during the war in Afghanistan by serving in qualified employment for at least two years.

b. To obtain an Afghan SIV, applicants are required by the United States' immigration laws and regulations to submit an approval letter from the Chief of Mission in the US Embassy Kabul (commonly referred to as a

"COM Approval Letter") as evidence that the defendant worked for the United States Armed Forces in Afghanistan.

c. Applicants are also required by the United States' immigration laws and regulations to complete a Form I-360 and a Form I-260 and swear and affirm, under penalty of perjury, that the Forms and the evidence submitted with them were all true and correct.

d. The defendant, DILBAR GUL DILBAR a/k/a DILBAR GUL TAJ ALI KHAN, is a citizen and national of Afghanistan.

e. On or about November 9, 2017, the defendant paid someone to compile and submit an Afghan SIV Application to the United States on his behalf (hereinafter the "2017 SIV Application").

f. In support of his 2017 SIV Application, the defendant was aware that the person he had paid submitted a false and fraudulent COM Approval Letter.

g. In the 2017 SIV Application Form I-360, the defendant swore and affirmed, under penalty of perjury, that his 2017 SIV Application and the evidence submitted with it were all true and correct when, in fact, he knew that the COM Approval Letter was false and fraudulent.

h. On or about October 16, 2021, the defendant paid another individual to compile and submit a second SIV Application to the United States (the "2021 SIV Application").

i. In the 2021 SIV Application Form I-360, the defendant swore and affirmed, under penalty of perjury, that his 2021 SIV Application and the evidence submitted with it were all true and correct when, in fact, he was aware of a high probability that the 2021 SIV Application and the evidence submitted with it contained at least one false representation and acted with deliberate disregard of that fact.

j. The defendant does not contest that false representations in both the 2017 and 2021 SIV applications were material to the United States' assessment of his 2017 and 2021 SIV Applications.

k. As a result of the false representations in the 2021 SIV application, in April 2024, the defendant was granted an SIV, admitted to the United States, issued lawful permanent residency status, and permitted to reside in the Western District of New York.

## III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2L2.2(a) applies to the offense of conviction and provides for a base offense level of 8.

### ACCEPTANCE OF RESPONSIBILITY

7. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 6.

### CRIMINAL HISTORY CATEGORY

8. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

### ADJUSTMENT FOR ZERO-POINT OFFENDER

9. It is the understanding of the government and the defendant that the defendant meets the criteria set forth in Guidelines Section 4C1.1(a)(1) – (11) (Adjustment for Certain

Zero-Point Offenders), and as a result, a two-level downward adjustment applies, and the adjusted offense level is 4.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10. It is the understanding of the government and the defendant that, with a total offense level of ~~1~~ 4 and criminal history category of ~~4,~~ I the defendant's sentencing range would be **a term of imprisonment of 0 to 6 months, a fine of $500 to $9,500, and a period of supervised release of not more than 2 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

11. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose **a six (6) month term of imprisonment** as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine, the amount of restitution, or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

12. The defendant understands that, except as set forth in ¶ 11, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

13. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

14. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. IMMIGRATION CONSEQUENCES

15. The defendant acknowledges that the defendant is not a citizen of the United States. The defendant understands that if the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory, and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. The defendant is on notice that the defendant's ability to enter, remain, and/or reside in the United States is subject to the laws, regulations, and associated policies of the Department of Homeland Security. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status, that is, possible

removal, denaturalization, or other immigration consequence, is the subject of a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the guilty plea may entail, even if the consequence is the defendant's automatic removal from the United States.

16. The defendant understands that the defendant is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

17. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor;

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

18. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 25-mj-4055.

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

20. The defendant knowingly waives the right to appeal and collaterally attack the defendant's conviction in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255, and/or Section 2241. In addition to any other claims the defendant might raise, the defendant knowingly waives the right to challenge the conviction based on: (1) any non-jurisdictional defects in the proceedings prior to entry of this plea; (2) a claim that the statute to which the defendant is pleading guilty is unconstitutional, (except in the event that, in the future, the Supreme Court finds the statute in question unconstitutional); and (3) a claim that the conduct admitted in the Factual Basis of this plea

agreement does not fall within the scope of the statute to which the defendant is pleading guilty.

21. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack, in any proceeding, including but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, any component of a sentence imposed by the Court which falls within or is less than the sentencing range of **a term of imprisonment of 0 to 6 months, a fine of $500 to $9,500, and a period of supervised release of not more than 2 years**, notwithstanding the manner in which the Court determines the sentence. The defendant further knowingly waives the right to appeal and/or collaterally attack any condition of supervised release imposed by the Court for which the defendant had notice, including from a recommendation by the Probation Office in the Presentence Investigation Report, and did not object. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22. The defendant understands that by agreeing not to collaterally attack the conviction or sentence in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, the defendant is waiving the right to challenge the conviction or sentence in the event that, in the future, the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range of **a term of imprisonment of 0 to 6 months, a fine of $500 to $9,500, and a period of supervised release of not more than 2 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

24. By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the government has failed to produce any discovery material, (other than material the government was required to produce under *Brady v. Maryland* and its progeny), that has not already been produced as of the date of the signing of this Agreement.

25. Notwithstanding the foregoing, nothing in the Appeal Rights section of this plea agreement shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.

## VIII. FORFEITURE PROVISIONS

26. Prior to or immediately after the entry of a plea of guilty, as a condition of the plea, the defendant agrees not to contest any forfeiture or abandonment proceeding that has been brought by the government, and agrees to immediately criminally forfeit all of the defendant's right, title, and interest to any and all properties which are subject to forfeiture pursuant to Title 18, United States Code, Sections 982(a)(6)(A)(ii)(I) and (II), including but

not limited to the following seized from the defendant by law enforcement on or about May 1, 2025:

a. One (1) Black Samsung Galaxy Note 8, S/N: R58K161E95E;
b. One (1) Google Phone, with IMEI number:354292955422162;
c. One (1) Samsung Phone, S/N: R58R81T1GXL;
d. One (1) Redmi Phone, S/N: ONH18HLF85JFFYDE;
e. One (1) Google Phone, with IMEI number: 54292955425348;
f. One (1) Acer Laptop, S/N: NXKJBAA0014606070133400;
g. One (1) Lenovo Thinkpad, S/N: PF-12X5TU;
h. One (1) iPhone 16 Pro Max, S/N: CD2GQY2CC6; and
i. One (1) Thumbdrive.

27. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) forfeiture proceeding. Further, if any third-party files a claim to the property listed above, the defendant will assist the government in defending such claim.

28. After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the property listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of

the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983; any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument; announcement of the forfeiture at sentencing; and incorporation of the forfeiture in the judgment. The defendant knowingly and voluntarily waives the defendant's right to any required notice concerning the forfeiture of any monies and/or properties forfeited hereunder, including notice set forth in an indictment, information, or administrative notice. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

29. The defendant knowingly, intelligently, and voluntarily waives the defendant's right to a jury trial on the forfeiture of the property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding, any defense under the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or the Eighth Amendment, including a claim of excessive fines.

30. The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to, time

restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above-referenced property.

31. The defendant further agrees that the forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, any income taxes or any other penalty that the Court may impose upon the defendant in addition to forfeiture and shall survive bankruptcy.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

32. This plea agreement represents the total agreement between the defendant, DILBAR GUL DILBAR a/k/a DILBAR GUL TAJ ALI KHAN, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: [signature]
MEGHAN K. McGUIRE
Assistant United States Attorney

Dated: September 30, 2026

I have had this agreement, which consists of pages 1 through 14, translated and read to me. I have had a full opportunity to discuss this agreement with my attorney, Anne M. Burger, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

______________________________
DILBAR GUL DILBAR a/k/a DILBAR GUL TAJ ALI KHAN Defendant

Dated: September 30, 2026

______________________________
ANNE M. BURGER, ESQ.
Attorney for the Defendant

Dated: September 30, 2026

I, Irfan Dawarzai, hereby affirm under penalty of perjury that I am a Pashto Interpreter and that I have carefully and fully translated the entire plea agreement (set forth above) to the defendant, DILBAR GUL DILBAR a/k/a DILBAR GUL TAJ ALI KHAN; further that the defendant has indicated to me that the defendant understands the terms of this plea agreement and that by signing this agreement, the defendant agrees to all of its terms and conditions; the defendant has further specifically acknowledged to me that the defendant is signing the agreement voluntarily and after full consultation with the defendant's attorney, Anne M. Burger, Esq.

DATED: September 30, 2026

______________________________
Interpreter